IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| KAMAR ADARDOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08cv798 (AJT/TRJ) |
| | ) | |
| AMERICAN SETTLEMENTS INC., | ) | |
| T/A METRO SETTLEMENTS INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant American Settlements Incorporated t/a Metro Settlements' Motion for Summary Judgment, filed on June 10, 2009. Both parties filed extensive memoranda of law supporting their respective positions and the Court heard oral argument on the motion on June 23, 2009. At that hearing, the Court granted Defendant's Motion for Summary Judgment as to Count III of the Complaint alleging intentional tortious interference with contractual relationship. The Court also ordered the parties to submit supplemental briefing regarding the issue of Plaintiff's reasonable reliance on the alleged misrepresentation or fraud that forms the basis of Count I of the Complaint alleging a violation of the Virginia Consumer Protection Act. The parties filed their supplemental memoranda on June 26, 2009 and June 30, 2009, and a hearing was held on July 2, 2009. For the reasons stated in open court and the reasons set forth below, the Court will grant Defendant's Motion for Summary Judgment as to Count I.

## I. BACKGROUND

On July 30, 2008, Plaintiff Kamar Adardour ("Adardour") filed this action against

Defendant American Settlements Incorporated t/a Metro Settlements Incorporated ("Metro").

Plaintiff filed an Amended Complaint on December 10, 2008.  The allegations in the Amended

Complaint arise out of Plaintiff's refinancing of her home in Woodbridge, Virginia.  Am. Compl.

at ¶ 2.  Specifically, Plaintiff alleges that on or about January 10, 2007, she went to the offices of

Defendant Metro to complete the refinancing of her home.  *See id.* at ¶ 14.  The Amended

Complaint alleges two claims against Metro: Count I for violations of the Virginia Consumer

Protection Act ("VCPA"), Va. Code. §§ 59.1-196 *et seq.*, and Count III for intentional tortious

interference with contractual relationship.  Summary judgment was granted in favor of

Defendant Metro as to Count III on June 23, 2009.  Defendant Metro has also moved for

summary judgment as to Count I.

## II. STATEMENT OF FACTS

Plaintiff used Defendant Metro's title services to conduct the closing of the refinancing of

her home located at 15248 Coachman Terrace, Woodbridge, Virginia.  Pl.'s Opp. at 4.  Plaintiff

contends that the closing took place on January 10, 2007 at Defendant's place of business.  *Id.*;

Pl.'s Opp., Ex. 4 at 64:7 - 22; *see also* Pl.'s Opp., Ex. 2.  Defendant denies that the closing took

place on January 10, 2007.  *Id.* at Ex. 14.

Plaintiff contends that she went to Defendant's place of business on January 10, 2007,

with her friend, Gibrahan Khan.  Am. Compl. at ¶ 11; Pl.'s Opp., Ex. 4 at 51:1 - 5.  The closing

was conducted by Patricia DeLeon.  Am. Compl. at ¶ 15; Pl.'s Opp., Ex. 6 at 42:3 - 5.  Plaintiff

signed and dated a number of documents during the closing.  Am. Compl. at ¶¶ 16-17.  Among

the documents signed and dated by Plaintiff was a "Notice of Right of Rescission."  Def.'s

Mem., Ex. D1. The Notice of Right of Rescission states that "[y]ou have a legal right under federal law to cancel this transaction" and "[i]f you cancel by mail or telegram, you must send the notice no later than midnight of January 12, 2007." *Id.* The Notice further provided that in order to rescind the loan, Plaintiff must notify the lender, Aegis Wholesale Corporation, in writing. *Id.* Although Plaintiff makes several allegations of forgery in this case, which Defendant denies, it is not disputed that the body of the Notice of Right of Rescission remains unchanged.

After the closing was completed, Ms. DeLeon took the documents to make copies. Am. Compl. at ¶ 18; Pl.'s Opp., Ex. 3. Ms. DeLeon returned a copy of the documents to Plaintiff. Am. Compl. at ¶ 19; Pl.'s Opp., Ex. 3. The day after the closing, Plaintiff discovered that most of the documents were dated January 9, 2007, rather than January 10, 2007. Am. Compl. at ¶ 20; Pl.'s Opp., Ex. 13. After reviewing the documents, Plaintiff alleges that it became her unconditional intent to rescind the loan. Am. Compl. at ¶ 21; Pl.'s Opp., Ex. 4 at 125:3 – 19, 212:1 – 19. She called Defendant Metro's offices on January 12, 2007 to rescind the loan; however, she was informed that she could not rescind the loan. Pl.'s Opp. at 2, Ex. 4 at 125:3 – 19, 212:1 – 19. Defendant denies that Plaintiff called their offices on January 12, 2007. Pl.'s Opp. at 2, Ex. 14.

### III. STANDARD OF REVIEW

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S.

at 248.  Once a motion for summary judgment is properly made and supported, the opposing

party has the burden of showing that a genuine dispute exists.  *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  To defeat a properly supported motion for

summary judgment, the non-moving party "must set forth specific facts showing that there is a

genuine issue for trial." *Anderson*, 477 U.S. at 247-48 ("[T]he mere existence of *some* alleged

factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no *genuine* issue of *material* fact.")

(emphasis in original).  Whether a fact is considered "material" is determined by the substantive

law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment." *Id.* at 248.  The facts shall be

viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party.

*Id.* at 255; *see also Lettieri v. Equant Inc.*, 478 F.3d 640, 642 (4th Cir. 2007).

## IV. ANALYSIS

Count I of Plaintiff's Amended Complaint asserts a cause of action against Defendant

Metro for violations of the Virginia Consumer Protection Act.  Plaintiff alleges that Defendant

Metro's real estate closing services provided to Plaintiff are a "consumer transaction" as defined

in Va. Code § 59.1-198, and that Defendant is a supplier as defined in Va. Code § 59.1-198, in

that Defendant sells, advertises, solicits and engages in consumer transactions.  Am. Compl. at ¶¶

24-25.  Plaintiff further alleges that Defendant Metro violated Va. Code § 59.1-200(14) "by

fraudulent altering Plaintiff's 'Notice of Right of Rescission' to the date January 9, 2007 thereby

curtailing her Federal Right to Rescind the Settlement Transaction" and that as a result, Plaintiff

4

was damaged by incurring settlement fees, additional interest and emotional distress. *Id.* at ¶¶ 27-28. Section 59.1-200 provides that "the following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful: . . . 14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code. § 59.1-200. The VCPA defines a "consumer transaction" as "[t]he advertisement, sale, lease, license or offering for sale, lease, or license, of goods or services to be used primarily for personal, family or household purposes." *Id.* at § 59.1-198(1).

Virginia courts have consistently held that reliance is required to establish a VCPA claim. *See, e.g., Shirland Arms Corp. v. Hall Const., Inc.*, No. L04-2331, 2005 WL 1125656, at *1 (Va. Cir. Ct. May 12, 2005) (concluding that VCPA claims, like common law fraud claims, require reliance); *Reed v. Litton Loan Servicing LP*, No. LR-2617-1, 2004 WL 1386314, at *2 (Va. Cir. Ct. May 26, 2004) (same); *Weiss v. Cassidy Devel. Corp.*, No. 206766, 2003 WL 22519650, at *2 (Va. Cir. Ct. Aug. 18, 2003) ("Allegations of misrepresentation of fact must include the elements of fraud: a false representation, of material fact, made intentionally and knowingly, with intent to mislead, *reliance by the party misled*, and resulting damage." (emphasis added)); *see also Cooper v. GGGR Investments, LLC*, 334 B.R. 179, 188 (E.D. Va. 2005). Reliance must also be reasonable and justified. *See Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994) ("A finding of either actual or constructive fraud requires clear and convincing evidence that one has represented as true what is really false, in such a way as to induce a reasonable person to believe it" (citing *Jefferson Standard Life Ins. Co. v. Hedrick*, 181 Va. 824, 833-34, 27 S.E.2d 198, 202 (1943)); *Bailey v. Grass*, No. LP-2758-1, LM-2731-4, 2004 WL 3000944, *3 (Va. Cir. Ct. June 24, 2004) (A claim of fraud must allege reasonable reliance

on the defendants' misrepresentation by the plaintiff."); *see also Meridian Title Ins. Co. v. Lilly Homes, Inc.*, 735 F. Supp. 182, 185 (E.D. Va. 1990).

Under Virginia law, a plaintiff cannot reasonably rely on an alleged misrepresentation in the face of plainly contradictory language contained in a contract or other document known by the plaintiff. *See generally Al-Roubaihy v. Council of Co-Owners of Colchester Towne Condominium-Section One*, 60 Va. Cir. 194, 2002 WL 31802614 (Va. Cir. Ct. Oct. 9, 2002) ("Because the advertisement contained a warning that the Condominium Association could not make any representations or warranties with respect to the accuracy of the information in the ad, the Plaintiff cannot allege that Defendant made a false representation in order to induce the Plaintiff to believe it or with the intent that the Plaintiff rely on it."); *Board of Directors of Cardinal Place Condominium v. Carrhomes Partnership*, 58 Va. Cir. 602, 2000 WL 33406723 (Va. Cir. Ct. Dec. 21, 2000) (finding that a buyer's decision to rely on a verbal statement was not reasonable "particularly in the face of a document that openly indicates otherwise"); *Holt v. United States Fidelity & Guaranty Co.*, No. LC-1619-1, 1998 WL 972205, at *3 (Va. Cir. Ct. May 20, 1998) ("As to fraud, the court agrees with Day and D&B – plaintiffs have not stated a case of reasonable reliance in the face of plainly contradictory language in the insurance policy."). As the Supreme Court of Virginia held in *Costello v. Larson*, "[w]here ordinary care and prudence are sufficient for full protection, it is the duty of the party to make use of them. Therefore, if false representations are made regarding matters of fact, and the means of knowledge are at hand and equally available to both parties, and the party, instead of resorting to them, sees fit to trust himself in the hands of one whose interest it is to mislead him, the law, in general, will leave him where he has been placed by his own imprudent confidence." 182 Va. 567, 571-72, 29 S.E.2d 856 (1944); *see also Meridian Title Ins. Co.*, 735 F. Supp. at 185-86 ("A

party cannot claim to have reasonably relied upon a representation when (a) that party makes a full and independent investigation and acts upon information so obtained; or (b) makes a partial inquiry, with full opportunity of complete investigation, and elects not to exhaust the readily available sources of information, but to act upon the knowledge obtained from his partial inquiry." (citing *Masche v. Nichols*, 51 S.E.2d 144, 148, 188 Va. 857 (1949)).

Here, to state a VCPA claim on the basis of Defendant Metro's alleged oral misrepresentations on January 12, 2007, that Plaintiff's time to rescind had expired, Plaintiff must have reasonably relied on Defendant's misrepresentations. Defendant contends that Plaintiff cannot claim to have reasonably relied on an oral statement that was contradicted by the Notice of Right of Rescission, which plainly stated that Plaintiff had until midnight on January 12, 2007, to rescind the loan. Def.'s Supp. Mem. at 5; *see also Board of Directors of Cardinal Place Condominium*, 2000 WL 33406723, at *5 (finding that a buyer's decision to rely on a verbal statement was not reasonable "particularly in the face of a document that openly indicates otherwise"). Plaintiff, on the other hand, argues that Defendant's statement on January 12, 2007, was a statement of fact that operated to divert or derail Plaintiff from "making the inquiries and examination which a prudent man ought to make," and, as such, Defendant's motion for summary judgment should be denied. Pl.'s Supp. Mem. at 6 (quoting *Horner v. Ahern*, 207 Va. 860, 867, 153 S.E.2d 216 (Va. 1967)).

In *Armentrout v. French* and *Horner v. Ahern*, the Supreme Court of Virginia held that the doctrine of *caveat emptor* does not protect a seller whose conduct throws "the purchaser off his guard" or diverts him from the inquiries "which a prudent man ought to make." *Armentrout v. French*, 220 Va. 458, 466, 258 S.E.2d 519, 524 (1979) (quoting *Horner v. Ahern*, 207 Va. 860, 864, 153 S.E.2d 216, 219 (1967)). In this case, unlike the cases cited by Plaintiff, Plaintiff had a

document in her possession at the time she contacted Defendant that flatly contradicted the

information Defendant allegedly provided. *See* Pl.'s Opp., Ex. 4 at 86:16-19 ("when I looked

over the documents [after the closing] I went to my right to rescind paper and as soon as I

noticed that the dates were different I contacted Metro Settlement."); *see also* Def.'s Mem., Ex.

D at 112:17-18 ("I understood [at the time of closing] that I had three days, three business days,

to get out of the loan."). The Notice of Right of Rescission clearly states that "[i]f you cancel by

mail or telegram, you must send the notice [to Aegis Wholesale Corporation] no later than

midnight of January 12, 2007." Def.'s Mem. at Ex. D1. Defendant's statement did not prevent

or divert Plaintiff from investigating her right to rescind – Plaintiff already had information in

her possession stating the time to rescind had not yet expired and setting forth the process

Plaintiff must follow to rescind the loan. Thus, this Court, like the court in *Board of Directors of

Cardinal Place Condominium*, does not find that Defendant's statement diverted Plaintiff from

making the inquiries "which a prudent man ought to make." 2000 WL 33406723, at *5 ("This

Court can find no case that supports the proposition that a buyer may reasonably rely on a

property seller's comment when that comment is contrary to explicit terms within a written

contract that is signed by the purchaser. Thus, any such statements made by Defendants at the

time of contracting or settlement could not divert or relieve the purchasers from conducting their

own prudent inquiry."); *see also Johnson v. Washington*, 559 F.3d 238, 245 (4th Cir. 2009)

("Even assuming that Robinson did mislead the Johnsons, which we do not suggest, the

documents that they signed plainly stated the terms of the transaction and more than corrected

any misleading oral statements. Plaintiffs cannot be heard to complain when they failed to read

the relevant documents." (internal citations omitted)).

## V. CONCLUSION

For the foregoing reasons, the Court finds that there are no genuine issues of material fact and that Defendant is entitled to summary judgment as a matter of law as to Count I. Defendant's Motion for Summary Judgment is therefore granted.

An appropriate Order will issue.

_____
Anthony J. Trenga
United States District Judge


Alexandria, Virginia
July 2, 2009

9