IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KAMAR ADARDOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:08cv798 (AJT/TRJ) |
| ) | |
| AMERICAN SETTLEMENTS INC., ) | |
| T/A METRO SETTLEMENTS INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion Requesting Leave to Supplement the Record with Plaintiff's Deposition Transcripts (Doc. No. 120). Plaintiff seeks to supplement the record in this matter with the complete transcripts of the February 26, 2009 and June 16, 2009 depositions of Kamar Adardour.

### I. BACKGROUND

On July 30, 2008, Plaintiff Kamar Adardour ("Adardour") filed this action against Defendant American Settlements Incorporated t/a Metro Settlements Incorporated ("Metro"). Plaintiff filed an Amended Complaint on December 10, 2008. The allegations in the Amended Complaint arise out of Plaintiff's refinancing of her home in Woodbridge, Virginia. Am. Compl. at ¶ 2. Specifically, Plaintiff alleges that on or about January 10, 2007, she went to the offices of Defendant Metro to complete the refinancing of her home. *See id.* at ¶ 14. The Amended Complaint alleges two claims against Metro: Count I for violations of the Virginia Consumer Protection Act ("VCPA"), Va. Code. §§ 59.1-196 *et seq.*, and Count III for intentional tortious interference with contractual relationship.

Defendant Metro filed a motion for summary judgment on June 10, 2009. In support of its motion, Defendant attached portions of the February 26, 2009 deposition of Kamar Adardour as exhibits. *See* Mem. in Supp. of Mot. for Summ. J., Exs. A, B, C, D and E (Doc. No. 95). In response to Defendant's motion, Plaintiff filed a memorandum in opposition and attached a portion of the February 26, 2009 deposition of Kamar Adardour as Exhibit 4. *See* Mem. in Opp. to Mot. for Summ. J., Ex. 4 (Doc. No. 100). On June 23, 2009, summary judgment was granted in favor of Defendant Metro as to Count III. At the June 23, 2009 hearing, the Court ordered additional briefing on the issues raised in the motion for summary judgment as to Count I. Defendant filed its supplemental brief on June 26, 2009, and attached portions of the February 26, 2009 and June 16, 2009 depositions of Kamar Adardour. *See* Supp. Br. in Supp. of Mot. for Summ. J., Ex. B (Doc. No. 104). Plaintiff also filed a supplemental brief on June 30, 2009, and attached additional portions of the February 26, 2009 deposition of Kamar Adardour. *See* Supp. Br. in Opp. to Mot. for Summ. J., Exs. 3, 4 and 6 (Doc. No. 108). At a hearing on July 2, 2009, the Court granted summary judgment in favor of Defendant Metro as to Count I. Accordingly, pursuant to Fed. R. Civ. P. 58, judgment was entered on July 2, 2009 in favor of Defendant Metro.

## II. ANALYSIS

In support of Plaintiff's motion to supplement the record, Plaintiff contends that "despite the frequent references to Plaintiff's depositions, by all, it was not made part of the official record in this case" and that because "[t]he depositions of the Plaintiff were a key fact in arguing and deciding this case ... the record should reflect the same" and "it is in the interests of justice that the record be complete." Mem. in Supp. of Mot. to Supplement at ¶¶ 5-6 (Doc. No. 121). At the outset, the Court notes that the "frequent references to Plaintiff's depositions" were

2

references to the portions of the deposition transcripts that were properly before the Court in connection with Defendant's motion for summary judgment. It was on the basis of this evidence, and the other evidence and arguments submitted by the parties, that the Court granted Defendant's motion for summary judgment. Furthermore, Plaintiff's motion to supplement and memorandum in support do not direct the Court to any specific factual evidence in the deposition transcripts that was not part of the record before the Court on summary judgment or which tends to create a genuine dispute of material fact.

Although Plaintiff filed this motion without specifying which Federal Rule of Civil Procedure provides authority for the relief requested,[1] the Court will construe Plaintiff's motion broadly and consider whether the relief sought is available under Fed. R. Civ. P. 56(e), Fed. R. Civ. P. 59, Fed. R. Civ. P. 60(b), and Fed. R. Evid. 106. Moreover, Plaintiff's motion to supplement is unclear with respect to the record Plaintiff seeks to supplement. As this case was decided on the basis of the parties' filings in connection with Defendant's motion for summary judgment, the Court will analyze Plaintiff's motion as a motion to supplement the record on summary judgment.[2]

A. **Federal Rule of Civil Procedure 56(e)**

Rule 56(e) provides that "[t]he court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits." Here, even if the

---

[1] Plaintiff's reply brief argues that the "rule of completeness" as stated in Fed. R. Evid. 106 provided support for Plaintiff's motion to supplement the record. *See* Reply in Supp. of Mot. to Supplement at ¶ 4 (Doc. No. 125).

[2] To the extent Plaintiff seeks to supplement what would constitute the record on appeal, the Federal Rules of Appellate Procedure provide that "[t]he original papers and exhibits filed in the district court . . . shall constitute the record on appeal in all cases." Fed. R. App. P. 10(a). Accordingly, even where a motion to supplement is denied by the district court, the papers and exhibits filed with the district court in connection with that motion become part of the record. *See generally RemGrit Corp. v. Remington Arms Co.*, 7 F.3d 225 (4th Cir. 1993).

complete transcripts of the depositions of Kamar Adardour were "affidavits" for purposes of Rule 56(e), the complete transcripts were not submitted for Rule 56(e) consideration prior to either of this Court's rulings on Defendant's motion for summary judgment. "The Rule 56(e) language . . . allows the trial court in its discretion to receive supplemental material in support of or in opposition to a motion for summary judgment *before ruling on the motion.*" *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992). As the Fourth Circuit noted in *RGI*, the purpose of Rule 56(e) "would be undercut if the rule were construed to require the court to accept further affidavits after it had already ruled on the motion for summary judgment." *Id.*

## B. Federal Rule of Civil Procedure 59(e)

After denying the motion to supplement pursuant to Rule 56(e), the Fourth Circuit in *RGI* noted that material not available to the movant could, after its discovery, be presented to the district court with a Rule 59(e) motion. *Id.* Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[3] A district court may, in its discretion, accept new evidence on a Rule 59(e) motion to alter or amend a judgment if it determines that the failure to provide the evidence along with the summary judgment motion was justified. *RGI, Inc.*, 963 F.2d at 662 (citations omitted). Here, Plaintiff has not made a motion to alter or amend judgment. Even if Plaintiff's motion to supplement is construed as such a motion, Plaintiff has not offered any justification for her failure to present the complete deposition transcripts to the Court along with her briefing in connection with Defendant's motion for summary judgment. In fact, Plaintiff attached portions of the transcripts to her opposition brief and supplemental brief which demonstrates that the transcripts were available at the time her briefs were filed. Accordingly, the Plaintiff has not

---

[3] Judgment was entered in favor of Defendant Metro on July 2, 2009. Plaintiff's motion to supplement was filed on July 15, 2009, within the ten day period allowable under Rule 59(e).

4

shown any reason why the complete transcripts now presented were not presented to the Court earlier.

### C.  Federal Rule of Civil Procedure 60

Rule 60 provides limited grounds on which a party may obtain relief from a judgment or order. Under Rule 60(a), a court may correct a clerical mistake or a mistake arising from oversight or omission. Fed. R. Civ. P. 60(a). Here, Plaintiff's decision to include portions of the deposition transcripts rather than the complete deposition transcripts is not a "clerical mistake" or a "mistake arising from oversight or omission." *Id.* Rule 60(b) provides certain grounds on which a court may relieve a party from a final judgment, order or proceeding. Fed. R. Civ. P. 60(b). Rule 60(b) specifies six reasons for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *Id.* Here, Plaintiff does not specifically invoke any of these six reasons for relief or provide information sufficient for the Court to conclude that relief under Rule 60(b) is justified. *See generally Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F2d 46, 48 (4th Cir. 1993) (To support a motion under Rule 60(b), a movant must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." (internal quotations omitted)). Although Rule 60(b) explicitly allows the filing of a motion where a party has "newly discovered evidence;" here, the complete deposition transcript is not "newly discovered evidence." *See generally Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)

("[I]n order to support a motion for reconsideration, the movant is *obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered an produced such evidence at the hearing.").

### D.  Federal Rule of Evidence 106

In her reply brief, Plaintiff argues for the first time that "the 'Rule of Completeness' as stated in the Federal Rules of Evidence Rule 106 supports her position that the record should be supplemented with the Plaintiff's transcript in its entirety." Reply in Supp. of Mot. to Supplement at ¶ 4 (Doc. No. 125). Rule 106 provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction *at that time* of any other part or any other writing or recorded statement which ought in fairness to be considered *contemporaneously* with it." Fed. R. Evid. 106. In *Interchemical Corp. v. Watson*, the only case cited by Plaintiff in support of its motion, the plaintiff offered portions of a deposition, "the defendant then offered other parts of the deposition" and the Court ruled that the entire deposition was admissible and considered the entire deposition when reaching its decision. 145 F. Supp. 179, 182 (D.D.C. 1956). *Interchemical* is therefore distinguishable from the facts presented here. Plaintiff did not attempt to invoke the rule of completeness or Fed. R. Evid. 106 at any time prior to either hearing on Defendant's motion for summary judgment or this Court's rulings. Accordingly, Rule 106 does not provide Plaintiff with a right to the relief sought in her motion to supplement the record.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion Requesting Leave to Supplement the Record with Plaintiff's Deposition Transcripts (Doc. No. 120) is denied.

An appropriate Order will issue.

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
July 24, 2009